**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EDWARD DOUGHTY, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> BALLY'S CASINO ATLANTIC CITY,: <br> : <br> Defendant. : <br> : | Hon. Jerome B. Simandle <br><br> Civil No. 08-2168 (JBS) <br><br><br> **OPINION** |

**APPEARANCES:**

    EDWARD DOUGHTY, #158944, <u>Pro Se</u>
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08338

**SIMANDLE, District Judge**

    Plaintiff Edward Doughty seeks to file a complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. This Court will grant <u>in forma pauperis</u> status to Plaintiff.[1] As required by 28 U.S.C. § 1915(e)(2)(B), this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint for failure to state a claim upon which relief may be granted.

---

[1] By Order entered May 13, 2008, this Court denied Plaintiff's application to proceed <u>in forma pauperis</u> and administratively terminated the action because Plaintiff's application to proceed <u>in forma pauperis</u> did not include the required prison account statement. On June 2, 2008, the Clerk received Plaintiff's account statement, and on August 5, 2008, this Court reopen the file to screen the Complaint for dismissal.

## I. BACKGROUND

Plaintiff sues Bally's Casino in Atlantic City, New Jersey, for violation of his constitutional rights under 42 U.S.C. § 1983.  He asserts the following facts which this Court will regard as true for the purposes of this review.  Plaintiff alleges that approximately five months before he signed the Complaint, he was a patron of the slot machines at Bally's Casino.  He complains that members of Bally's staff encouraged him to drink alcohol by giving him free drinks, and Plaintiff succumbed to the persuasion and relapsed.  Plaintiff asserts that while he was intoxicated in the casino, he was involved in a drug transaction with a person who turned out to be an undercover police officer.  Plaintiff alleges that he was arrested and charged with a felony for distribution of drugs, and he has been incarcerated for the past five months on these charges.  Plaintiff asserts that Bally's Casino is responsible because he would not have relapsed, become intoxicated, been arrested, and been incarcerated if Bally's had not given him free drinks.  Plaintiff seeks damages from Bally's resulting from his loss of employment and his incarceration.

## II. STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable

2

after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

Rule 8(a) of the Federal Rules of Civil Procedure, however, requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." Fed. R. Civ. P. 8(a). Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). As for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

>    Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.  It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Pinker</u>, 292 F. 3d at 374 n.7.  <u>See also</u> <u>Twombly</u>, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).
>
>    \*                    \*                         \*
>
> While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 1965.
>
>    The Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). A pro se prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted, Twombly, supra.; the Court need not, however, credit a pro se plaintiff's "legal conclusions." Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d Cir. 1997).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a

violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

In this Complaint, the sole defendant is Bally's Casino, a private entity.  But "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Ins. Co. v. Sullivan, 119 S. Ct. 977, 985 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).  State action exists where the conduct allegedly causing the deprivation of a federal right

is "fairly attributable to the State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). Determining state action involves a two-step approach.

> [T]he first question is whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority. The second question is whether, under the facts of this case, respondents, who are private parties, may be appropriately characterized as "state actors."

Lugar, 457 U.S. at 939; see also Sullivan, 119 S. Ct. at 985.

A private person may fairly be said to be a state actor "when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state." Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999). But "private use of state-sanctioned private remedies or procedures does not rise, by itself, to the level of state action." Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 622 (1991); see also Dennis v. Sparks, 449 U.S. 24, 28 (1980) (although a private litigant who conspires with a judge to obtain an injunction acts under color of state law, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge"); Tunstall v. Office of Judicial Support of Court of Common Pleas of Delaware County, 820 F.2d 631, 634 (3d Cir. 1987) (purchaser of property at tax sale does not act under color of law when he

7

files a quiet title action in state court to gain possession of the property).

In the Complaint presently before this Court, Plaintiff contends that Bally's Casino violated his constitutional rights by giving him free drinks, thereby causing him to become intoxicated and to violate the law by selling drugs to an undercover police officer, who arrested him.  Because nothing in Plaintiff's allegations indicates that Bally's Casino was acting under color of state law when it gave Plaintiff free drinks, the Complaint does not assert a claim under 42 U.S.C. § 1983 and will be dismissed.[2]

---

[2] Moreover, even if it were true that Bally's caused Plaintiff's intoxication and arrest by giving him free drinks, Plaintiff's § 1983 claim would fail because Plaintiff's constitutional rights were not violated., i.e., he had no constitutional right to avoid arrest once he became involved in a drug transaction.  To the extent Plaintiff seeks to assert that Bally's conspired with police to entrap him, such a claim does not assert a constitutional violation.  Entrapment may violate due process under the New Jersey Constitution, see State v. Johnson, 127 N.J. 458, 473 (1992), but the entrapment described by Petitioner here, that is, the participation of police in an unlawful drug sale, is not of a constitutional dimension.  See United States v. Russell, 411 U.S. 423, 433 (1973); DiBlasio v. City of New York, 102 F.3d 654, 656 (2nd Cir. 1996) (entrapment involving sale of drugs to undercover police does not allege constitutional violation under § 1983); Jones v. Bombeck, 375 F.2d 737, 738 (3d Cir. 1967) ("While entrapment may be a proper defense in a criminal action, a police officer's participation in such activity does not constitute a constitutional violation").

**IV. CONCLUSION**

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

                                            **s/ Jerome B. Simandle**
                                            **JEROME B. SIMANDLE, U.S.D.J.**

Dated: **February 4**, 2009